3/4/2015 9:34:04 AM
Chris Daniel - District Clerk Harris County
Envelope No. 4362256
By: Nelson Cuero
Filed: 3/4/2015 9:34:04 AM

2015-12483 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| BYRON BAREFIELD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DIAMOND STATE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW, BYRON BAREFIELD, Plaintiff in the above-styled and numbered cause of action, complaining of Defendant DIAMOND STATE INSURANCE COMPANY, and in support thereof would show unto this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.1  Pursuant to Texas Rule of Civil Procedure 190.3 the discovery of this case is to be conducted under Level 2 Discovery Control Plan.

### II. CLAIM FOR RELIEF

2.1  Plaintiff seeks monetary relief over $200,000.00 but no more than $1,000,000.00.

### III. PARTIES

3.1  Byron Barefield ("Plaintiff Barefield") is a resident of Harris County.

3.2  Diamond State Insurance Company ("Defendant Diamond State Insurance") is an insurance company engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent National Registered Agents Inc., at 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201.

EXHIBIT 1

## IV. JURISDICTION AND VENUE

4.1　This subject matter in controversy is within the jurisdictional limits of this court.

4.2　All or a substantial part of the events or omissions giving rise to the claim arose in Harris County. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code. Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Harris County.

4.3　Venue in Harris County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code.

## V. FACTS

5.1　On or about March 18, 2014, Plaintiff Barefield was injured in a car wreck by nonparty Kenyatta Day.

5.2　Kenyatta Day was underinsured at the time of the incident.

5.3　At all times material, Plaintiff Barefield was covered by an underinsured insurance policy issued by Defendant Diamond State Insurance. The carrier has been put on notice that an underinsured motorist claim is being pursued.

5.4　Plaintiff Barefield seeks to have the court determine liability and damages to see if Defendant Diamond State Insurance is liable to Plaintiff under its underinsured policy.

## VI. SUIT FOR DECLARATORY RELIEF

6.1　Under the Declaratory Judgments Act, a contract may be construed either before or after there has been a breach. Tex. Civ. Prac. & Rem. Code § 37.004(b). Plaintiff Barefield seeks declaratory relief from the Court to the effect that (1) Plaintiff Barefield is entitled to underinsured coverage under the policy; (2) Kenyatta Day was an underinsured driver; (3) Kenyatta Day was negligent for the wreck; (4) the amount of damages that Plaintiff Barefield

incurred as a result of the wreck; and (5) the amount of damages that Defendant Diamond State Insurance is obligated to pay Plaintiff Barefield under the underinsured policy.

6.2    Plaintiff Barefield further seeks an award of all reasonable and necessary attorney's fees and costs as are equitable and just. Tex. Civ. Prac. & Rem. Code § 37.009.

6.3    Plaintiff Barefield reserves the right to bring a breach of contract suit against Defendant Diamond State Insurance. The breach of contract claim will be based on Defendant Diamond State Insurance's failure to pay under the UM policy.

## VII. DECLARATORY JUDGMENT

7.1    Plaintiff Barefield hereby seeks recovery for damages under underinsured motorist coverage of insurance policy as there was insufficient coverage on Kenyatta Day's policy thereby, holding Defendant Diamond State Insurance liable to pay Plaintiff Barefield the damages owed under Policy Number BAP0001234.

7.2    Plaintiff Barefield hereby seeks relief and is entitled to recover reasonable and necessary attorney fees that are equitable and just under *Tex. Civ. Prac. & Remedies Code §37.009*

## VIII. DAMAGES

8.1    Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

   a. Physical pain and suffering in the past, and which, in all reasonable probability, will continue to be incurred in the future;

   b. Mental anguish in the past, and which, in all reasonable probability, will continue to be incurred in the future;

3

    c.    Loss of earning capacity in the past and which, in all reasonable probability, will continue to be incurred in the future;

    d.    Physical impairment in the past and which, in all reasonable probability, will continue to be incurred in the future; and

    e.    Reasonable and necessary medical care and expenses in the past and which, in all reasonable probability, will continue to be incurred in the future.

8.2    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

8.3    Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## IX. JURY DEMAND

9.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff Barefield demands a jury trial and tenders the appropriate fee.

## X. REQUEST FOR DISCLOSURE

10.1    Pursuant to Rule 194, request is made that Defendant Diamond State Insurance disclose, within thirty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendant Diamond State Insurance must serve a written response to these Requests for Disclosure on Plaintiff Barefield within thirty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

4

## XI. CERTIFICATE OF WRITTEN DISCOVERY

11.1 Plaintiff Barefield has served contemporaneously with this petition Requests for Disclosure to Defendant Diamond State Insurance

## XII. RULE 193.7 NOTICE

12.1 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Barefield hereby gives actual notice to Defendant Diamond State Insurance that any and all documents produced may be used against them at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Barefield respectfully prays that Defendant Diamond State Insurance be cited in terms of law to appear and answer herein, that upon final trial and hearing of the cause, judgment be entered for the Plaintiff Barefield against Defendant Diamond State Insurance for damages in accordance with the evidence; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief, both general and special, both in law and in equity, to which Plaintiff Barefield may be justly entitled.

[Signature Block on Subsequent Page]

Respectfully submitted,

JIM S. ADLER & ASSOCIATES

FRANK W. ROBERTSON
State Bar No. 24033129
frobertson@jimadler.com
Bank of America
12605 East Freeway, Suite 400
Houston, Texas 77015
Telephone: (713) 335-1032
Facsimile: (713) 335-1018
**ATTORNEY FOR PLAINTIFF**