IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON BAREFIELD | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CASE NO. 4:15-CV-00891 |
| DIAMOND STATE INSURANCE | § | |
| COMPANY | § | |
|     Defendant. | § | |

## DEFENDANT DIAMOND STATE INSURANCE COMPANY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR STAY

Defendant Diamond State Insurance Company ("Diamond") respectfully files its Motion to Dismiss Plaintiff Byron Barefield's ("Plaintiff") claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). Alternatively, Diamond requests that the Court stay these proceedings until Plaintiff's underlying state court action, which arises out of the same facts and/or occurrences, is concluded.

## I.    SUMMARY

1.    This is an insurance coverage dispute.  Plaintiff seeks a declaration that he is entitled to underinsured motorist ("UIM") benefits related to an automobile accident.  However, prior to filing this declaratory judgment action, Plaintiff sued an alleged joint tortfeasor in a presently pending state court action.

In that presently pending action, Plaintiff has asserted that the joint tortfeasor is responsible for the accident and Plaintiff's damages.

2.     Plaintiff's declaratory judgment action is not ripe for review as neither the liability of the alleged joint tortfeasors nor the alleged underinsured status of the motorist have been established.  Consequently, Plaintiff fails to state a claim upon which relief can be granted against Diamond because Plaintiff has not obtained a judgment establishing the liability of the alleged tortfeasors and establishing Plaintiff's entitlement to UIM benefits.  As such, this Court should dismiss Plaintiff's claims against Diamond.  Alternatively, Diamond requests that the Court stay these proceedings until the underlying state court litigation has concluded.

## II.    BACKGROUND FACTS

3.     On or about March 18, 2014, Plaintiff was allegedly injured as a result of a car accident.[1]

4.     On September 26, 2014, Plaintiff filed suit in Harris County, Texas against Lucky's Pub Cypress d/b/a Lucky's Pub ("Lucky's") based on the facts of the March 18, 2014 accident (the "underlying suit").[2]   Plaintiff alleged that

---

[1] *See*, Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and Rule 193.7 Notice, Cause No. 2015-12483, in the 133nd District Court Harris County, Texas, a true and correct copy of which is attached as "Exhibit 1"; *see also,* Plaintiff's Original Petition Cause No. 2014-55872, in the 152nd District Court Harris County, Texas, a true and correct copy of which is attached as "Exhibit 2".
[2] *See*, Exhibit 2.

Lucky's "sold, served and/or provided alcoholic beverages" to Kenyatta Day ("Day") when Day was obviously intoxicated.[3]   Plaintiff asserted that Day left Lucky's, lost control of his vehicle and "caused a car accident on US 290 in Harris County", which allegedly caused Plaintiff to sustain injuries.[4]

5.     On March 4, 2015, Lucky's filed a third-party action against Day.[5]  It is undisputed that the underlying suit is currently pending in the 152nd District Court of Harris County, Texas and is set for trial on November 2, 2015.[6]

6.     On March 4, 2015, Plaintiff filed this action styled, *Bryon Barefield vs. Diamond State Insurance Company* and assigned Cause No. 2015-12483 in the 133rd Judicial District Court in Harris County, Texas.  Plaintiff asserted that he was injured in a car wreck "by nonparty Kenyatta Day".[7]  Plaintiff claims that Day was "underinsured at the time."   Interestingly, Plaintiff's petition did not mention his allegations against Lucky's or the pending state court action.  On April 6, 2015, Diamond removed this matter to this Court on the basis of diversity jurisdiction.[8]

7.     Plaintiff has not obtained a judgment establishing the liability of the alleged joint tortfeasors (Lucky's and/or Day) nor has Plaintiff established the amount of his actual damages.  Therefore, Plaintiff has failed to establish his

---

[3] *See*, *Id.*
[4] *See*, *Id.*
[5] *See*, Third-Party Petition Against Kenyatta Day, attached hereto as "Exhibit 3".
[6] *See*, Docket Control Order in Cause No. 2014-55872, in the 152nd District Court Harris County, Texas, a true and correct copy of which is attached as "Exhibit 4."
[7] *See*, Exhibit 2.
[8] *See*, Doc. No. 1.

entitlement to UIM benefits.  Rather, the disposition or resolution of the underlying suit may determine the liability (if any) of the allegedly underinsured motorist, Day, and the liability of the alleged joint tortfeasor, Lucky's.  Further, the disposition and/or resolution of the underlying suit may determine the nature/extent of Plaintiff's damages (if any), the amount of Plaintiff's actual damages (if any) and Plaintiff's entitlement to underinsured benefits.

### III.   STANDARD OF REVIEW

8.     Pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), Plaintiff's claims against Diamond should be dismissed.  Alternatively, this case should be stayed until the underlying suit is resolved.

**A.     Fed. R. Civ. P. 12(b)(1).**

9.     "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."[9] A court may determine a Rule 12(b)(1) Motion from (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

---

[9] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir.2012) (internal quotation marks omitted).

plus the court's resolution of disputed facts.[10] Plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists.[11]

## B.    Fed. R. Civ. P. 12(b)(6).

10.    A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted when a plaintiff's factual allegations do not show a right to relief that is plausible above mere speculation.[12]   "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13]   "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully."[14]

11.    To avoid dismissal, a plaintiff must plead specific facts, not mere conclusory allegations.[15]   The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[16]   A court may not accept as true conclusory allegations or unwarranted deductions of fact.[17]   Indeed, the Supreme Court has

---

[10] *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996); Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir.1986).

[11] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

[13] *Id.*

[14] *Id.*

[15] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 2007)).

[16] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[17] *Collins*, 224 F.3d at 498.

made clear that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[18]

## C.    Motion for Stay.

12.    A District Court has the discretionary power to manage its docket and stay proceedings.[19]   "In determining whether to grant a stay, courts consider several factors: (1) prejudice or tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether discovery is complete and a trial date has been set."[20]

## IV.    ARGUMENT AND AUTHORITIES

13.    Plaintiff's claim for declaratory judgment should be dismissed because his claim is not ripe for review.   Further, Plaintiff's claims must be dismissed because Plaintiff has failed to establish his right to recover UIM benefits as he does not have a judgment that establishes the liability of the alleged joint tortfeasors and damages.   Consequently, this declaratory judgment action should be dismissed.

## A.    Plaintiff's Claim Is Not Ripe For Review.

14.    Plaintiff's claim should be dismissed because it is not ripe.   Pursuant to Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter

---

[18] *Twombly,* 550 U.S. at 555.
[19] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988) ("Courts have inherent power to manage their dockets and stay proceedings.").
[20] *Tesco Corp. v. Weatherford Intern., Inc.*, 722 F. Supp. 2d 755, 762 (S.D. Tex. 2010).

jurisdiction when the court lacks power to adjudicate it.    Federal Courts have routinely noted that a declaratory judgment claim must be justiciable and ripe for review.  "For a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts."[21]   No actual controversy exists when the court must "assume a hypothetical set of facts"[22]

15.    "A case or controversy must be ripe for decision, meaning that it must not be premature or speculative."[23] "Ripeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable."[24] "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."[25]

16.    "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."[26]  "Generally, issues are not ripe if 'further factual development is required.' "[27] "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for

---

[21] *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977).
[22] *Ortiz v. A.N.P., Inc.*, 768 F. Supp. 2d 896, 902 (S.D. Tex. 2011) (citing *Ashcroft*, 431 U.S. at 172.
[23] *Shields v. Norton,* 289 F.3d 832, 834–35 (5th Cir.2002).
[24] *Lopez v. City of Houston,* 617 F.3d 336, 341 (5th Cir.2010).
[25] *Monk v. Huston,* 340 F.3d 279, 282 (5th Cir.2003).
[26] *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir.2000).
[27] *Anderson v. Sch. Bd. of Madison Cnty.,* 517 F.3d 292, 296 (5th Cir.2008) (citation omitted).

adjudication."[28]   To determine whether claims are ripe, courts "evaluate (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration."[29]

17.    The fitness considerations ask whether the issues at stake are purely legal or whether further factual development is necessary to resolve the case.[30] The hardship inquiry examines the difficulty the parties will face if a judicial decision is denied.[31]

18.    In the pending state court action, Plaintiff asserts that Lucky's is responsible for the underlying accident and Plaintiff's damages.  It is undisputed that the facts related to Lucky's alleged liability are presently being litigated in Plaintiff's underlying state court action.  The disposition or resolution of that case may determine whether Plaintiff is entitled to UIM benefits.

19.    Therefore, further factual development is necessary to resolve the case.  Moreover, as the underlying suit is pending in state court, Plaintiff will not suffer any hardship if the declaratory judgment action is dismissed.

20.    In *First Nat. Bank of Bryan v. Progressive Cas. Ins. Co.*, CIV.A.H-04-2133, 2004 WL 1874995, at *1 (S.D. Tex. Aug. 13, 2004), the plaintiff filed a declaratory judgment action seeking a declaration regarding applicable coverage

---

[28] *Lopez,* 617 F.3d at 342 (alteration, citation, and internal quotation marks omitted).
[29] *Id.* at 341.
[30] *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 812, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003).
[31] *Toilet Goods Ass'n v. Gardner,* 387 U.S. 158, 162, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967).

for an underlying lawsuit.  Similarly, there was a pending underlying state court suit in which no determination had been made and the outcome of which was not certain.[32]  The court granted the insurer's 12(b)(1) Motion to Dismiss and held that the plaintiff's declaratory judgment action was not ripe for review.[33]

21.    Likewise, Plaintiff's underlying suit is presently pending in state court and the outcome of it is uncertain.  As Plaintiff chose to file the underlying suit approximately 7 months before the declaratory judgment action, he will not be prejudiced by the denial of a judicial decision in the declaratory action.  Rather, Diamond will be prejudiced if the declaratory action is maintained because Plaintiff is essentially seeking an advisory opinion from this Court regarding the liability of the alleged joint tortfeasors, Plaintiff's actual damages and Plaintiff's purported entitlement to UIM benefits.

22.    Plaintiff's declaratory judgment action requests that this Court ignore Plaintiff's pending state court action and potential recovery against Lucky's.  As Plaintiff could potentially recover all or a substantial portion of his alleged damages from Lucky's, a determination of Plaintiff's actual damages in the declaratory judgment action would be speculative at best.  Consequently, a determination of Plaintiff's entitlement to UIM benefits would also be speculative.

---

[32] *Id.*

[33] *Id.* at *2.

23.     Further, a review of the factors enunciated by the Fifth Circuit in *St.*

*Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994) support dismissal.  In

*Trejo*, the Fifth Circuit stated that a district court must consider the following

factors in determining whether to dismiss a declaratory judgment action:

> (1)     whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)     whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)     whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)     whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5)     whether the federal court is a convenient forum for the parties and witnesses;
>
> (6)     whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7)     whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[34]

24.     As previously noted, Plaintiff filed the pending state court action to

determine the liability of the alleged joint tortfeasor (Lucky's) and to determine

---

[34] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994).

Plaintiff's damages that were allegedly caused by Lucky's negligence.  Therefore, the disposition or resolution of that case may fully litigate all matters in controversy.

25.    Further, there are potential inequities that exist if Plaintiff is allowed to prosecute this declaratory judgment action while his suit against an alleged joint tortfeasor is presently pending.  Ultimately, Plaintiff may receive a double recovery if the declaratory judgment action awards UIM benefits before it is determined that Plaintiff is entitled to same.

26.    Maintaining this case does not support judicial economy.  There is simply no need to have two courts litigating the same factual issues.  Therefore, it would be a waste of this Court's time and resources to allow Plaintiff to maintain two concurrent lawsuits that are seeking to adjudicate the same facts in different forums.

27.    Additionally, the UIM contract is unique as its benefits are conditioned on Plaintiff's entitlement to recover from a third party.  Here, Day's liability is necessarily connected to the potential liability of Lucky's.  Thus, Plaintiff may gain an unfair advantage by potentially having two separate juries determine Day's liability, Lucky's liability and Plaintiff's actual damages. Diamond could potentially be forced to comply with two contrary jury verdicts and Plaintiff could potentially seek to enforce the more advantageous of the two.

28.     Therefore, this Court should dismiss Plaintiff's claim against Diamond as the respective tortfeasors' liability has not been determined, Plaintiff's actual damages have not been determined, and Plaintiff's entitlement to UIM benefits has not been established in Plaintiff's presently pending state court action. Absent the foregoing, Plaintiff's claim for declaratory relief is premature and not ripe for review.

**B.     Plaintiff Has Failed To State A Cause Of Action Against Diamond.**

29.     Likewise, Plaintiff's action for declaratory judgment fails because he does not have a judgment that establishes the liability of the allegedly underinsured motorist and establishes Plaintiff's damages.  Thus, under Fed. R. Civ. P. 12(b)(6), Plaintiff fails to state a cause of action upon which he can recover.

30.     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted when a plaintiff's factual allegations do not show a right to relief that is plausible above mere speculation.[35]  "[A] complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face."[36]  Plaintiff's petition fails in this regard.  Instead, Plaintiff's petition in noteworthy for the facts that it concealed rather than the facts that it revealed.

31.     The Texas Supreme Court's holding in *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) is instructive.  Under Texas law, "the

---

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[36] *Id.*

UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay."[37]  Moreover, "neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance."[38]  Thus, the UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party.[39]

32.    Consequently, an insurer's contractual duty to pay UIM benefits "does not arise until the underinsured motorist's liability, and the insured's damages, are legally determined."[40]  However, a motorist is only underinsured if his or her liability insurance is insufficient to pay for the injured party's **actual** damages.[41]

33.    As Plaintiff's underlying suit is presently pending, Plaintiff has failed to obtain a judgment establishing: (1) Day's liability, (2) Lucky's liability and (3) the amount of Plaintiff's actual damages.  Absent a judgment establishing liability and actual damages, Plaintiff cannot establish whether Day's insurance is

---

[37] *Id  citing Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (internal citation omitted).
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Brainard*, 216 S.W.3d at 812 (*citing Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 380 (Tex.1989)) (emphasis added).

insufficient to pay for the actual damages.  Likewise, Plaintiff cannot establish his entitlement to UIM benefits until the foregoing judgment is obtained.  Therefore, the Court should dismiss Plaintiff's declaratory judgment action pursuant to Fed. R. Civ. P. 12(b)(6).

**C.     Alternatively, the Court Should Stay these Proceedings.**

34.     Alternatively, in the event the Court denies Diamond's Motion to Dismiss, Diamond requests that the Court stay these proceedings until the underlying litigation has been resolved.  Plaintiff will not suffer any prejudice or tactical disadvantage if these proceedings are stayed.  Rather, Diamond could be prejudiced if this matter continues and it is forced to somehow comply with two different jury verdicts.

35.     Moreover, a stay would support judicial economy as there has likely been substantial discovery conducted in the underlying suit and the matter is presently set for trial.    As such, in the event that the Court denies Diamond's Motion to Dismiss, Diamond requests that the Court stay these proceedings until the underlying litigation has concluded.

**IV.   PRAYER**

36.     For the foregoing reasons, Diamond State Insurance Company prays that the Court grant its Motion to Dismiss.  Alternatively, Diamond State Insurance Company prays that the Court issue an Order staying these proceedings until Cause

No. 2014-55872 in the 152nd  Judicial District Court in Harris County, Texas has

concluded.

Respectfully submitted,

/s/Adraon D. Greene

Thomas J. Smith
  Federal I.D. No. 23773
  State Bar No. 00788934
Adraon D. Greene
  Federal I.D. No. 25029
  State Bar No. 24014533
Corey L. Wyatt
  Federal I.D. No. 7740
  State Bar No. 24077860

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing has been served upon all counsel of record by the Southern District of Texas e-file system, Regular US Mail Return Receipt Requested, and/or facsimile.  All manner of service is made on April 13, 2015.

Frank W. Robertson
Jim. S. Adler & Associates
12605 East Freeway, Suite 400
Houston, Texas 77015

/s/ Corey L. Wyatt

Adraon D. Greene
Corey L. Wyatt