UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON BAREFIELD | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CASE NO. 4:15-cv-00891 |
| DIAMOND STATE INSURANCE COMPANY | § § § § | |
| Defendant. | § § | |

### PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

COMES NOW, Byron Barefield, Plaintiff in the above-styled and numbered cause, and files this No-Evidence Motion for Summary Judgment. In support thereof, Plaintiff would respectfully show the following:

#### INTRODUCTION

On March 18, 2014 Mr. Barefield was a member of a road crew employed by Pannell Industries, Inc. At 2:48 a.m. that day, the road crew—including Mr. Barefield—was working on Highway 290, which is a four lanes. The crew had set up the road so that two sweeper trucks were on the outside, left-hand lane. The sweepers were equipped with emergency flashers and large, illuminated arrow signs. Both the flashers and the arrow signs were activated. Just outside the sweeper trucks, two dump trucks were in the inside left-hand lane. They too were

equipped with activated emergency flashers and large arrow signs. The dump trucks were also equipped with attenuators that were extended.

Mr. Barefield was working outside on the highway when suddenly a PT Cruiser driven by Kenyatta Day approached. Mr. Day failed to control his speed—or respond to the flashing lights and arrows—and struck the attenuator of the nearest dump truck, struck Mr. Barefield, and then struck the attenuator of the second dump truck. After colliding with three different objects on the road, Mr. Day eventually came to a stop, and it became evident that he was impaired. A subsequent toxicology report revealed that Mr. Day's blood alcohol concentration was .288 g/100mL, and Mr. Day was charged with intoxication assault. As a result of this series of collisions, Mr. Barefield sustained serious injuries including a fractured fibula and tibula and fractured sacrum.

Defendant Diamond State Insurance Company alleged multiple affirmative defenses in their answer. Plaintiff now files this motion for summary judgment.

### ARGUMENT AND AUTHORITIES

According to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of informing the court of the basis for his motion and identifying the evidence that he believes demonstrates the

absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a motion has been made, however, the burden shifts to the nonmoving party to demonstrate a genuine issue of material fact. The nonmovant's burden cannot be met with "conclusory allegations, speculations, and unsubstantiated assertions . . . ." Furthermore, neither "the mere existence of some alleged factual dispute" nor "the mere scintilla of evidence" is sufficient. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 188 (5th Cir. 1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 1986).

An affirmative defense serves to establish "an independent reason why the plaintiff should not recover." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996). Being so, a defendant asserting an affirmative defense has the burden of proof on the defense at trial. *Love v. State Bar of Tex.*, 982 S.W.2d 939, 943 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Garner v. Fidelity Bank, N.A.*, 244 S.W.3d 855, 861 (Tex. App.—Dallas 2008, no pet.). And summary judgment is mandated if the nonmovant fails to make a showing that is sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact because complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial."

A.  There is no genuine issue of material fact as to every element of Defendant's affirmative defense that Plaintiff was a proximate cause.

In Defendant's Answer to Plaintiff's Original Petition, Defendant alleges that the collision and Plaintiff's damages "were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of Plaintiff."  Def.'s OA at ¶ 11.  When determining the proximate cause of an injury, foreseeability and cause in fact are the essential elements.  *Doe v. Messina*, 349 S.W.3d 797, 800 (Tex.App.—Houston [14th Dist.] 2011, pet. filed).  "Those elements cannot be established by mere conjecture, guess, or speculation."  *Id.*  Cause in fact requires an act or omission to be a substantial factor in the occurrence of the injury "and without it harm would not have occurred."  *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).  The other element, foreseeability means that a person of ordinary intelligence should have anticipated the type of danger that he created.  *Id.*

There is no evidence that Plaintiff proximately caused the collision or any of his damages.  In the absence of such evidence, there is no genuine issue of fact, and Plaintiff is entitled to judgment as a matter of law on Defendant's affirmative defense.

B. <u>There is no genuine issue of material fact as to every element of Defendant's affirmative defense of independent or superseding cause.</u>

In Defendant's Answer to Plaintiff's Original Petition, Defendant alleged that Mr. Barefield's injuries were the result of a new and independent or superseding cause, which proximately caused Mr. Barefield's injuries. Def.'s OA at ¶ 12. Alleging a superseding or independent cause is an inferential rebuttal, and the party asserting it has the burden of establishing it. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 53 (Tex.App.—Fort Worth 2002, reh'g overruled). "The term 'new and independent cause' means the act or omission of a separate and independent agency that destroys the causal connection between the defendant's negligent act or omission and the injury complained of and thereby becomes, in itself, the immediate cause of the injury." *Id.* at 53–54.

There is no evidence that there was any new and independent or superseding cause of Plaintiff's injuries. In the absence of such evidence, there is no genuine issue of fact, and Plaintiff is entitled to judgment as a matter of law on Defendant's inferential rebuttal.

C. <u>There is no genuine issue of material fact as to every element of Defendant's affirmative defense of Comparative Fault.</u>

In Defendant's Answer to Plaintiff's Original Petition, Defendant alleged that it is "entitled to a reduction for the negligence, liability, fault or other conduct

which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation. Def.'s OA at ¶ 13.

Contributory negligence—also referred to as comparative fault—is expressly identified as an affirmative defense under Texas law. See Tex. R. Civ. P. 94. Like any affirmative defense, contributory negligence "seeks to establish an independent reason why the plaintiff should not recover." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) (internal citation omitted). Pleading contributory negligence thus places a burden on the defendant to prove that the plaintiff was negligent and that the plaintiff's negligence proximately caused her injuries. *Kroger Co. v. Keng*, 23 S.W.3d 347, 351 (Tex. 2000).

There is no evidence that any other party was comparatively at fault or contibutorily negligent. In the absence of such evidence, there is no genuine issue of fact, and Plaintiff is entitled to judgment as a matter of law on Defendant's affirmative defense.

D.  <u>There is no genuine issue of material fact as to every element of Defendant's affirmative defense of Failure to Mitigate.</u>

In Defendant's Answer to Plaintiff's Original Petition, Defendant alleged that "Plaintiff has failed to mitigate his damages." Def.'s OA at ¶ 19. A mitigation of damages defense is not appropriate just because a defendant asserts that a plaintiff failed to mitigate her damages. *Hygeia Dairy Co. v. Gonzalez*, 994 S.W.2d 220, 225 (Tex. App.—San Antonio 1999, no pet.). Defendant has the

burden to show that Plaintiff did not use ordinary care in reducing or avoiding her damages. *Moulton v. Alamo Ambulance Serv.*, 414 S.W.2d 444, 450 (Tex. 1967). To meet his burden, Defendant must provide evidence that clearly shows that Plaintiff's decision not to mitigate caused further damages, and that sufficiently guides a jury in determining which damages were directly attributable to Plaintiff's failure to mitigate. *Hygeia Dairy Co.*, 994 S.W.2d at 225.

There is no evidence that Plaintiff failed to mitigate her damages or that her damages were directly attributable to a failure to mitigate. Thus, there is no genuine issue of material fact as to Defendant's defense of failure to mitigate damages, and summary judgment should be granted against Defendant.

E.  There is no genuine issue of material fact as to every element of Defendant's list of affirmative defenses.

In Defendant's Answer to Plaintiff's Original Petition, Defendant asserted "the affirmative defenses of accord and satisfaction, release, payment, credit, offset, breach of contract, res judicata, collateral estoppel, statute of limitations, waiver, laches and excessive demand." Def.'s OA at ¶ 19. Defendant has not set forth any evidence of any of these affirmative defenses. Thus there is no genuine issue of material fact as to each of these affirmative defenses, and summary judgment should be granted against Defendant.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant his motion for summary judgment in its entirety and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*/s/ Frank W. Robertson*_____
**Frank W. Robertson**
Federal I.D. No. 1383059
State Bar No. 24033129
frobertson@jimadler.com
**Michael Gomez**
Federal I.D. No. 605538
State Bar No. 24029578
mgomez@jimadler.com
12605 East Freeway, Suite 400
Houston, Texas  77015
Telephone:  (713) 335-1032
Facsimile:   (713) 335-1018
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was produced to all parties of record on this 31st day of May, 2016 via CM/ECF system and via facsimile:

Mr. Adraon D. Greene
GALLOWAY, JOHNSON, TOMPKINS, BURR AND SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010

*/s/ Frank W. Robertson*_____
Frank W. Robertson