THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON BAREFIELD<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CASE NO. 4:15-CV-00891 |
| DIAMOND STATE INSURANCE<br>COMPANY<br>    Defendant. | §<br>§<br>§<br>§ | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Diamond State Insurance Company ("Diamond"), and files this Motion for Summary Judgment, and in support thereof would show unto the Court the following:

### I.     SUMMARY

1.    Diamond is entitled to summary judgment as a matter of law. This is an insurance dispute in which Plaintiff seeks a declaratory judgment that he is entitled to underinsured/uninsured ("UIM/UM") benefits under a UIM/UM motorists endorsement to the liability insurance policy (the "policy") issued by Diamond to Plaintiff's previous employer, Pannell Industries ("Pannell"). As an initial matter, Plaintiff must prove as a matter of law that he was "occupying" the vehicle in order to establish coverage under the policy.

2.    Summary judgment is proper because Plaintiff cannot prove as a matter of law that he was "occupying" the vehicle. Further, even if Plaintiff

1

established that he was "occupying" the vehicle at the time of the subject accident, Plaintiff has failed to obtain a judgment establishing the alleged liability and underinsured status of the other motorist. Consequently, Diamond is entitled to summary judgment as a matter of law.

## II.   SUMMARY JUDGMENT EVIDENCE

3.   In support of its Motion for Summary Judgment, Diamond attaches the following summary judgment evidence and incorporates same by reference:

- **Exhibit 1** - Deposition Excerpts from the Transcript of Byron Barefield dated June 26, 2015.

- **Exhibit 2** - Texas Peace Officer's Crash Report.

- **Exhibit 3** - Deposition Excerpts from the Transcript of Byron Barefield dated March 3, 2016.

- **Exhibit 4** - Declaration of Walter Cook, Jr.

- **Exhibit 5** – Plaintiff's Responses to Lucky's First Set of Interrogatories.

- **Exhibit 6** - Excerpts from Policy BAP0001234, Endorsement for Texas Uninsured/Underinsured Motorists Coverage.

- **Exhibit 7** - Western Heritage Insurance Declaration page for Lucky's.

- **Exhibit 8** - Order of Nonsuit with Prejudice as to Lucky's.

- **Exhibit 9** - Order of Nonsuit with Prejudice as to Kenyatta Day.

### III.   BACKGROUND FACTS

4.     It is undisputed that Plaintiff is a three time convicted felon, who was an admitted drug dealer.[1]  On November 24, 2011, Plaintiff pled guilty in Harris County to the theft of a ring valued at over $200,000.[2]

5.     On or about March 18, 2014, Plaintiff was allegedly injured when he was struck by a vehicle (the "accident) driven by Kenyatta Day ("Day").[3]  Deputy M.V. Bucklin completed a Texas Peace Officer's Crash Report ("Crash Report") related to the accident.[4]  Plaintiff (who is identified as Unit 3 in the Crash Report[5]) was a "**pedestrian standing between the trucks**."[6]  According to the Crash Report, Day (Unit 1) "approached Unit 2 (a dump truck) from the rear, failed to control speed, and struck the attenuator…then struck the pedestrian (Unit 3 or

---

[1] *See*, Deposition Excerpts from the Transcript of Byron Barefield dated June 26, 2015 ("Barefield State Court Depo."), a true and correct copy of which is attached as Exhibit 1, at p. 31 l. 14 – 15.
[2] *Id* at p. 44 l. 3 – 10.
[3] *See* Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and Rule 193.7 Notice, Cause No. 2015-12483, in the 133nd District Court Harris County, Texas, a true and correct copy of which is maintained in the Court's file as Doc. #3-1; *see also* Plaintiff's Original Petition Cause No. 2014-55872, in the 152nd District Court Harris County, Texas, a true and correct copy of which is maintained in the Court's file as Doc. #3-2.
[4] *See,* Texas Peace Officer's Crash Report ("Crash Report"), a true and correct copy of which is maintained in the Court's file as Doc. #8-1 and is attached as Exhibit 2 for ease of reference.
[5] *See*, Ex. 2, Crash Report at p. 4 ("Vehicles, Drivers & Persons" section).
[6] *See*, Ex. 2, Crash Report at p. 3 ("Narrative and Diagram" section), p. 2 and p. 4 ("Vehicles, Drivers & Persons" sections) (emphasis added).

Plaintiff) causing him to strike the windshield, then (Day) struck the attenuator on the rear of Unit 4 (dump truck)."[7]

6.  Plaintiff has admitted (in two pleadings filed with this Court) that when he "was **outside the vehicle**, Kenyatta Day…collided with the attenuator of the first dump truck."[8] Day then "struck (Plaintiff) who was **positioned between the dump trucks**."[9] After striking the first dump truck and a **"pedestrian"** (Plaintiff), Day struck the attenuator of the second dump truck.[10] It is undisputed that Plaintiff was the only person struck by Day in the subject accident.

7.  Walter Cook, Jr. was one of Plaintiff's co-workers who was working on Plaintiff's crew and was present at the scene on the night of the accident.[11] Mr. Cook confirmed that the vehicles were located as depicted in the "Narrative and Diagram" section of the Crash Report.[12] Mr. Cook also confirmed that he and Plaintiff were standing between Unit 2 and Unit 4 as depicted in the Crash Report

---

[7] *See*, Ex. 2, Crash Report at p. 3 ("Narrative and Diagram" section); *see also* pp. 2 and 4 ("Vehicles, Drivers & Persons" sections).
[8] *See* Plaintiff's Motion to Strike or Limit the Testimony of Defendant's Expert, Richard M. Balgowan (Doc. #46) at p. 2 (emphasis added); *see also* Plaintiff's First Amended Motion to Strike or Limit the Testimony of Defendant's Expert, Richard M. Balgowan (Doc. #47) at p. 2 (emphasis added).
[9] *See* Doc. #46 at p. 2 (emphasis added); *see also* Doc. #47 at p. 2 (emphasis added).
[10] *See* Doc. #46 at p. 2 (emphasis added); *see also* Doc. #47 at p. 2 (emphasis added).
[11] *See*, Deposition Excerpts from the Transcript of Byron Barefield dated March 3, 2016 ("Barefield Federal Court Depo."), a true and correct copy of which is attached as Exhibit 3, at p. 130 l. 2 - 8; *see also* Declaration of Walter Cook, Jr., a true and correct copy of which is attached as Exhibit 4, at ¶ 2 and 4.
[12] *Id.*

immediately before the accident.[13]

8. Immediately prior to being hit by the car, Plaintiff did not get on nor was he getting off of the dump truck that he was driving (Unit 4) or any other Pannell vehicle.[14] Further, at the time of the accident, Plaintiff was not getting off or on the dump truck or any other Pannell vehicle when he was hit by the car.[15] Specifically, Plaintiff did not climb onto Unit 4 to adjust a tarp immediately before he was hit by Day.[16]

9. Rather, prior to the accident, Plaintiff and Mr. Cook stood between Unit 4 and Unit 2 where they were located before the accident.[17] They were standing between Unit 2 and Unit 4 for approximately ten minutes before the accident.[18]

10. On September 26, 2014, Plaintiff filed suit in Harris County, Texas against Lucky's Pub Cypress d/b/a Lucky's Pub ("Lucky's") based on the facts of the March 18, 2014 accident (the "underlying suit").[19] Lucky's allegedly "sold, served and/or provided alcoholic beverages" to Day when he was obviously intoxicated.[20] Plaintiff asserted that Day left Lucky's, lost control of his vehicle

---

[13] *See* Ex. 4, Cook Declaration at ¶ 5 and 6.
[14] *See* Ex. 4, Cook Declaration at ¶ 7.
[15] *See id.*
[16] *See* Ex. 4, Cook Declaration at ¶ 8.
[17] *See id.*
[18] *See id.*
[19] *See* Doc. #3-2.
[20] *See id.*

and "caused a car accident on US 290 in Harris County".[21] Plaintiff admitted that he "was a pedestrian on the same stretch of roadway."[22] He allegedly sustained injuries as a result of the incident.[23]

    11.    On December 8, 2014, Plaintiff served his responses to Lucky's First Set of Interrogatories.[24] According to same, Plaintiff "was walking on the side of the dump truck, when (Day) came off I-290 onto the feeder road."[25] Day "struck the crash attenuator…on the passenger side of the dump truck…continued forward and then struck Plaintiff."[26] On March 4, 2015, Lucky's filed a third-party action against Day.[27]

    12.    Also on March 4, 2015, Plaintiff filed this declaratory judgment action styled, *Bryon Barefield vs. Diamond State Insurance Company* in the 133rd Judicial District Court in Harris County, Texas, which was removed to this Court on April 6, 2015.[28] Plaintiff asserted he was "injured in a car wreck by nonparty Kenyatta Day;"[29] that Day was "underinsured at the time of the incident;"[30] and that Plaintiff

---

[21] *See*, *id.*
[22] *Id.*
[23] *Id.*
[24] *See* Plaintiff's Responses to Lucky's First Set of Interrogatories ("Responses to First Interrogatories"), a true and correct copy of which is attached as Exhibit 5.
[25] *See,* Ex. 5, Responses to First Interrogatories at Interrogatory No. 5, p. 3.
[26] *See id.*
[27] *See*, Third-Party Petition Against Kenyatta Day Cause No. 2015-12483, in the 133nd District Court Harris County, Texas, a true and correct copy of which is maintained in the Court's file as Doc. #3-3.
[28] *See*, Notice of Removal, a true and correct copy of which is maintained in the Court's file as Doc. #1.
[29] *See*, Doc. #3-1.

was "covered by an underinsured insurance policy issued by (Diamond)."[31] Plaintiff seeks a declaratory judgment that he is entitled to "underinsured coverage under the policy."[32]

13. Pursuant to the subject policy, "Insured" is defined as "any…person 'occupying' a 'covered auto.'"[33] "'Occupying' means in, upon, getting in, on, out or off."[34]

14. On June 26, 2015, Plaintiff testified that he was driving a dump truck when he pulled over for a break.[35] He exited the vehicle at the request of his supervisor, "walked around (the vehicle), and that was it."[36] Plaintiff was hit "head-on", knocked unconscious and woke up in the hospital in ICU.[37]

15. It is undisputed that Plaintiff settled the underlying state court action against Lucky's and executed a Compromise Settlement Agreement and Release of All Claims (the "Agreement") on December 21, 2015.[38] Likewise, it is undisputed

---

[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *See* Excerpts from Policy BAP0001234, Endorsement for Texas Uninsured/Underinsured Motorists Coverage ("Policy Endorsement"), a true and correct copy of which is attached as Exhibit 6 at p. 2.
[34] *Id.*, at p. 4.
[35] *See* Ex. 1, Barefield State Court Depo. at p. 69 l. 8 –p. 70 l. 5.
[36] *See* Ex. 1, Barefield State Court Depo. at p. 70 l. 8 – 17.
[37] *See* Ex. 1, Barefield State Court Depo. at p. 70 l. 18 – p. 71 l. 5.
[38] A copy of the Compromise Settlement Agreement and Release of All Claims (the "Agreement") can be made available to the Court for an *in camera* inspection, if necessary, as the Agreement is confidential.

that Lucky's policy of insurance provided $1 million in coverage for the subject occurrence.[39]

16. It is also undisputed that Plaintiff's workers' compensation carrier provided Plaintiff with workers' compensation benefits related to the accident and also executed the Agreement on January 5, 2016. On January 22, 2016, Plaintiff dismissed his claims against Lucky's[40] with prejudice and on March 18, 2016, Lucky's dismissed Day from the state court proceeding with prejudice.[41]

## IV. SUMMARY JUDGMENT STANDARD

17. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[42] A defendant seeking summary judgment on a plaintiff's claim bears an initial burden to demonstrate the absence of a genuine dispute as to any material fact of the plaintiff's claim,[43] and may accomplish this by either demonstrating or "pointing to an absence of evidence to support (the plaintiff's) case."[44]

---

[39] *See* Western Heritage Declaration page for Lucky's, a true and correct copy of which is attached as Exhibit 7.
[40] *See* Order of Nonsuit with Prejudice, a true and correct copy of which is attached as Exhibit 8.
[41] *See* Order of Nonsuit with Prejudice, a true and correct copy of which is attached as Exhibit 9.
[42] *See* Fed. R. Civ. P. 56(a).
[43] *See id.; see also Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 544-45 (5th Cir. 2005).
[44] *Boudreaux*, 402 F.3d at 544-45; s*ee also Celotex Corp. v. Catrett,* 477 U.S. 317, 319-25 (1986).

18. If the movant meets that initial burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[45] However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.[46] Summary judgment is appropriate when the only fact issue is which of the plaintiff's conflicting statements is correct and the plaintiff has not adequately explained the inconsistency.[47]

## V. ARGUMENTS AND AUTHORITY

19. The burden is initially upon the insured to establish a claim within the scope of coverage.[48] Diamond is entitled to summary judgment because Plaintiff cannot establish as a matter of law that he was "occupying" the vehicle at the time of the accident. Thus, Plaintiff cannot establish as a matter of law that he is entitled to coverage under the UIM policy. Further, even if Plaintiff could establish same, he has failed to provide a judgment that establishes that: (1) Day is proportionately liable to Plaintiff[49] (2) the amount of damages to which Plaintiff is allegedly entitled (3) a determination that the damages that Day is liable for exceed

---

[45] *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir.1996).
[46] *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir.2014).
[47] *See McWither v. AAA Life Ins. Co.,* 622 Fed.Appx. 364, 366 (Aug. 10, 2015) (*citing Metro Cnty. Title, Inc. v. FDIC*, 13 F.3d 883, 887 n. 16 (5th Cir.1994) and *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 n. 23 (5th Cir.1992)).
[48] *Employee Cas. Co. v. Block*, 744 S.W.2d 940, 945 (Tex. 1988); *Harken Exploration Co. v. Sphere Drake Ins., PLC*, 261 F.3d 466, 471 (5th Cir. 2001).
[49] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

the limits of his liability insurance policy,[50] and (4) the damages were caused by an accident that occurred while Plaintiff was covered under the UIM endorsement.[51] Consequently, Diamond is entitled to summary judgment.

### A.   Plaintiff is not entitled to coverage because he was not "occupying" the vehicle at the time of the accident.

20.   The Declaratory Judgment Act (the "Act") allows this Court, to "declare the rights and other legal relations of any interested party."[52]  It "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[53]  The Act confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.[54]  The initial determination in this matter is whether Plaintiff was "occupying" the vehicle, which (if proven) may entitle him to UIM coverage.

21.   Insurance policies are construed according to their plain, ordinary language.[55]  Under Texas law, courts construe unambiguous policy language as a

---

[50] *Allstate Prop. & Cas. Ins. Co. v. Gutierrez*, 281 S.W.3d 535, 540 (Tex. App.—El Paso 2008, no pet.) (citing *Stracener v. United Svcs. Auto. Ass'n,* 777 S.W.2d 378, 380 (Tex.1989)); Tex. Ins. Code § 1952.106.
[51] *In re United Fire Lloyds*, 327 S.W.3d at 255 ("in order for Garcia to recover under his UIM claim, he must prove not only that the purported underinsured motorist negligently caused the accident that resulted in the covered damages, but also that all applicable policy provisions have been satisfied.").
[52] 28 U.S.C. § 2201(a).
[53] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).
[54] *Wilton*, 515 U.S. at 286 .
[55] *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex.2006).

10

matter of law.[56] Thus, whether Plaintiff can establish that he satisfies the unambiguous definition of "occupying" is a question of law for this Court to decide as Plaintiff must first plead and prove that he was an "insured" under the subject UIM Endorsement.[57]

22. "Insured" is defined as "any…person 'occupying' a 'covered auto.'"[58] "'Occupying' means in, upon, getting in, on, out or off."[59] Thus, as an initial matter, Plaintiff must prove that he was "in, upon, getting in, on, out or off of a covered vehicle" to be entitled to coverage under the policy.[60] Diamond is entitled to summary judgment because Plaintiff cannot prove that he was "occupying" the vehicle as a matter of law.

23. In *United States Fid. & Guar. Co. v. Goudeau,* the Texas Supreme Court applied the canon of construction known as *noscitur a sociis* ("a word is known by the company it keeps") to the definition of "occupying".[61] In *Goudeau*, plaintiff stopped to assist a vehicle stranded on the shoulder of a busy highway.[62] Shortly after exiting his employer's vehicle and walking between two parked vehicles, a third vehicle struck the parked vehicles and pinned plaintiff between the

---

[56] *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex.2003).
[57] *See In re United Fire Lloyds*, 327 S.W.3d at 255.
[58] *See* Ex. 4, Policy Endorsement at p. 2.
[59] *Id*., at p. 4.
[60] *See In re United Fire Lloyds*, 327 S.W.3d at 255.
[61] 272 S.W.3d 603 (Tex. 2008).
[62] *Id*., at 605.

vehicles.[63] Plaintiff asserted that being pinned against the covered vehicle satisfied the "upon" portion of the policy's definition of "occupying" and entitled him to coverage for UIM benefits under his employer's policy."[64]

24. The Court disagreed. The Court noted that in the present context, a person sitting in the back of a pickup truck at the time of an accident might be "occupying" the truck by being "upon" it.[65] However, a driver who has "exited the car, closed the door, walked around the front, and then has the vehicle smashed into him cannot be said to be 'occupying' the vehicle at the time of a collision even if afterwards he ends up partly 'upon' it."[66] Consequently, the Court refused to ignore the context by focusing solely on a portion of the definition while ignoring the word "occupying."[67] To do so would create a broad meaning inconsistent with the definition's accompanying words.[68] Instead, the Court held that it would adhere to the law of Texas that the plain meaning of "occupying" as defined by the

---

[63] *Id*.
[64] *Id*.
[65] *See id.*, at 606.
[66] *Id.*
[67] *Id.*
[68] *Id.*

subject policy cannot be stretched.[69] Importantly, other Texas appellate courts have reached similar conclusions.[70]

25. Here, Plaintiff was not "occupying" the vehicle because he was not "in, upon, getting in, on, out or off of a covered vehicle" at the time of the accident. To the contrary, Plaintiff had exited the vehicle and was a "pedestrian" who was "positioned between the dump trucks" when he was struck. Plaintiff has judicially admitted same in three separate pleadings. Further, the summary judgment evidence establishes same.

1. <u>Plaintiff judicially admitted that he was a "pedestrian".</u>

26. As a matter of law, Plaintiff cannot prove that he was "occupying" the vehicle because he has judicially admitted that he was a "pedestrian" and was standing between the dump trucks at the time of the accident. In the Fifth Circuit, it is well settled case law that "[f]actual assertions in pleadings are judicial

---

[69] *Id* at 608.
[70] *McDonald v. S. County Mut. Ins. Co.*, 176 S.W.3d 464, 471 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (plaintiffs not occupying covered vehicle when they walked approximately 50 feet away to opposite side of feeder road and were struck by another vehicle); *McKiddy v. Trinity Lloyd's Ins. Co.*, 155 S.W.3d 307, 310 (Tex. App.—Dallas 2004, pet. denied) (plaintiff not occupying covered vehicle where evidence showed plaintiff exited covered vehicle and was approximately 10 feet away from it when he was struck by another vehicle); *Schulz v. State Farm Mut. Auto. Ins. Co.,* 930 S.W.2d 872, 875–76 (Tex.App.-Houston [1st Dist.] 1996, no pet.) (plaintiff not occupying covered vehicle where plaintiff outside of covered vehicle when shot); *Ins. Co. of the State of Penn. v. Pearson,* No. 07–03–0340–CV, 2004 WL 2053285 at *1 (Tex.App.—Amarillo Sept.7, 2004, no pet.) (mem.op.) (holding that trial court erred in denial of defendant's traditional summary-judgment motion that argued plaintiff was not occupying covered vehicle where evidence showed that plaintiff was struck by another vehicle while performing his employment duties outside of covered vehicle); *Fulton v. Tex. Farm Bureau Ins. Co.,* 773 S.W.2d 391, 393 (Tex.App.-Dallas 1989, writ denied) (plaintiff was not occupying covered vehicle when he was struck by another car while walking freely through parking lot).

admissions conclusively binding on the party that made them."[71] Therefore, Diamond is entitled to summary judgment as Plaintiff cannot establish coverage under the subject policy.

27. To arguably be entitled to UIM coverage under the policy, Plaintiff must first prove that he was "occupying" the vehicle. In his state court petition, Plaintiff judicially admitted that he "was a pedestrian" on the roadway when he was struck by Day."[72] In two separate pleadings filed in this Court, Plaintiff judicially admitted that not only was he a "pedestrian", but that he was "positioned between the dump trucks" when he was struck by Day's vehicle.[73] This most recent judicial admission is the death knell to Plaintiff's case.

28. As Plaintiff has judicially admitted that he was a "pedestrian" in both the Texas state court and the Federal Court proceeding and that he was "positioned

---

[71] *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir.1983); *see also Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir.1991); *Davis v. A.G. Edwards & Son, Inc.*, 823 F.2d 105, 108 (5th Cir.1987). *Johnson v. Houston's Rest., Inc.,* 167 F. App'x 393, 395 (5th Cir. 2006). The same conclusion is reached under state law in Texas. Assertions of fact contained in live pleadings of a party are regarded as formal judicial admissions. *See Houston First American Sav. v. Mustek,* 650 S.W.2d 764, 766 (Tex. 1983). A judicially admitted fact is conclusively established without the introduction of the pleadings or presentation of other evidence. *See id.* When a fact is judicially admitted, the fact finder is precluded from finding any contrary facts. *See Roosevelt v. Roosevelt*, 699 S.W.2d 372, 374 (Tex. App.-El Paso 1985, writ dism'd w.o.j.); *see* also *Concrete Constr. Supply, Inc. v. M.F.C., Inc.,* 636 S.W.2d 475, 477-78 (Tex. App.-Dallas 1982, no writ). The party who makes a judicial admission is also barred from disputing it. *See Gevinson v. Manhattan Constr. Co. of Okl*, 449 S.W.2d 458, 466 (Tex. 1969); *see* also *Shafer v. Bedard*, 761 S.W.2d 126, 129 (Tex. App.-Dallas 1988, no writ); *see also Kennesaw Life & Acc. Ins. Co. v. Goss*, 694 S.W.2d 115,117 (Tex. App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.).
[72] *Id.*
[73] *See* Doc # 46 at p. 2 and Doc. #47 at p. 2.

between the dump trucks" when he was struck, he cannot satisfy the definition of "occupying" as a matter of law. Further, in the Fifth Circuit, judicial admissions are "conclusively binding" on Plaintiff and determinative of the coverage issue. Consequently, Diamond is entitled to summary judgment.

2. <u>Based on the evidence, Plaintiff was not "occupying" the vehicle.</u>

29. Based on the summary judgment evidence, Plaintiff cannot establish that he was "occupying" the vehicle. Rather, the summary judgment evidence establishes that Plaintiff was not "occupying" the vehicle at the time of the accident. Thus, as a matter of law, Plaintiff cannot satisfy all conditions precedent to coverage and summary judgment is appropriate.[74]

30. In three separate pleadings, Plaintiff has admitted that he was a "pedestrian"[75] and that he was "positioned between the dump trucks" when he was struck.[76] Likewise, the Crash Report identified Plaintiff as "pedestrian" and confirmed that he was "standing between the (dump) trucks" at the time of the accident.[77] Plaintiff previously stated that he "**was walking on the side of the**

---

[74] *In re United Fire Lloyds*, 327 S.W.3d at 255; *see also Metro Cnty. Title, Inc. v. FDIC*, 13 F.3d 883, 887 n. 16 (5th Cir.1994) and *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 n. 23 (5th Cir.1992)..
[75] *See* Doc. # 3-3; *see also* Doc # 46 at p. 2 and Doc. #47 at p. 2.
[76] *See id.*
[77] *See*, Ex. 2, Crash Report at p. 3 ("Narrative and Diagram" section); *see also* pp. 2 and 4 ("Vehicles, Drivers & Persons" sections).

**dump truck**, when Day "struck the crash attenuator…on the passenger side of the dump truck…continued forward and then struck Plaintiff."[78]

31. Plaintiff previously testified that he exited the vehicle at the request of his supervisor, "walked around (the vehicle), and that was it."[79] Plaintiff was hit "head-on" by Day's vehicle, was knocked unconscious and woke up in the hospital in ICU.[80]

32. Plaintiff's co-worker (Walter Cook, Jr.) provided even more clarity. Plaintiff did not get on nor was he getting off of a dump truck that he was driving (Unit 4) or any other Pannell vehicle.[81] Further, Plaintiff did not climb onto Unit 4 to adjust a tarp immediately before he was hit by Day.[82] Rather, prior to the accident, Plaintiff exited Unit 4, and stood between Unit 4 and Unit 2 with Mr. Cook before the accident.[83]

33. Similar to *Goudeau*, Plaintiff, who had exited the vehicle, walked around the vehicle, and was hit as he stood between two vehicles, was not "occupying" the vehicle at the time of the accident.[84] Instead, Plaintiff was a "pedestrian" who was standing between two dump trucks before he was hit by

---

[78] *See,* Ex. 5, Responses to First Interrogatories at Interrogatory No. 5, p. 3 (emphasis added).
[79] *See* Ex. 1, Barefield State Court Depo. at p. 70 l. 8 – 17.
[80] *See* Ex. 1, Barefield State Court Depo. at p. 70 l. 18 – p. 71 l. 5.
[81] *See* Ex. 4, Cook Declaration at ¶ 7.
[82] *See* Ex.4, Cook Declaration at ¶ 8.
[83] *See id.*
[84] *See Goudeau,* 272 S.W.3d at 606.

16

Day. Thus, Plaintiff cannot establish coverage under the UIM policy as a matter of law and Diamond is entitled to summary judgement.

**B.     Plaintiff's Failure to Obtain a Judgment of Liability and Damages Precludes his UIM Claim.**

34.    Diamond is entitled to summary judgment because Plaintiff did not obtain a judgment to establish Day's proportionate liability and Plaintiff's damages. In addition to proving that he is entitled to UIM coverage as an insured,[85] Plaintiff must also provide a judgement to establish that the alleged underinsured motorist negligently caused the accident, the amount of Plaintiff's alleged damages, and that the available insurance coverage is deficient.[86] The UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other tortfeasors.[87] Notably, Day (the alleged underinsured motorist) is not a party in this proceeding, but Lucky's (an alleged joint tortfeasor) is properly named.

35.    The need for a judgment is borne out of the unique nature of UIM insurance. While other first-party insurance policies determine coverage solely under the policy, UIM policies incorporate tort law into coverage determinations by conditioning coverage upon the insured's legal entitlement to receive damages

---

[85] *See Owen v. Employers Mut. Cas. Co.*, 2008 WL 833086, at *2 (N.D. Tex. Mar. 28, 2008) (citing Tex. Ins. Code § 1952.106).
[86] *In re Allstate County Mut. Ins. Co.*, 447 S.W.3d 497, 501 (Tex. App.—Houston [1st Dist.] 2014, no pet.).
[87] *Brainard*, 216 S.W.3d at 818.

from a third party.[88] However, "neither a settlement nor an admission of liability from the tortfeasor establishes [UIM] coverage."[89] Consequently, a UIM insurer is not obligated to pay benefits until liability and damages are legally determined in the underlying tort by way of a judgment.[90]

36. Plaintiff has not and cannot obtain such a judgment. Rather, it is undisputed that Plaintiff settled the underlying claims against Lucky's, dismissed Lucky's and Lucky's dismissed Day; all without a judgment being rendered. Further, Day is not a party to this proceeding. In the absence of the requisite judgment, Diamond is entitled to summary judgment.

## PRAYER

For the foregoing reasons, Defendant Diamond State Insurance Company prays that this Court grant its Motion for Summary Judgment and prays for all other relief that this Court deems appropriate.

---

[88] *Id.*

[89] *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 709 (S.D. Tex. 2013) (quoting *Brainerd*, 216 S.W.2d at 818); *see also In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 238 (Tex. App.—El Paso 2012, no pet.) ("a settlement or admission of liability from an uninsured/underinsured motorist does not constitute a judicial determination that the uninsured/underinsured motorist was both at fault and underinsured…. A judicial determination of negligence and damages is what is required to trigger an insurer's duty to pay contractual benefits.").

[90] *See id.*; *see also Schober v. State Farm Mut. Auto. Ins. Co.*, 3:06-CV-1921-M, 2007 WL 2089435, at *2 (N.D. Tex. July 18, 2007); *In re United Fire Lloyds*, 327 S.W.3d 250, 255 (Tex. App.—San Antonio 2010, no pet.)

Respectfully submitted,

*/s/ Adraon D. Greene*
Thomas J. Smith
  Federal I.D. No. 23773
  State Bar No. 00788934
Adraon D. Greene
  Federal I.D. No. 25029
  State Bar No. 24014533
Jake Kauffman
  Federal I.D. No. 2348262
  State Bar No. 24080594

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon all counsel of record by the Southern District of Texas e-file system on this 1st day of June, 2016:

Frank W. Robertson
Michael Gomez
JIM. S. ADLER & ASSOCIATES
12605 East Freeway, Suite 400
Houston, Texas 77015

*/s/ Adraon D. Greene*
Adraon D. Greene
Jake Kauffman